IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
CIVIL DIVISION

| | | |
|---|---|---|
| LARRY DONALD SCHULTE and | ) | |
| MARY SCHULTE | ) | |
| Plaintiffs, | ) | |
| | ) | No. 62CV-2016-_141 4_ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| JAVIER VINA, and FE EXPRESS, LLC | ) | |
| Defendants, | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Larry Donald Schulte and Mary Schulte and for their Complaint against Javier Vina and FE Express LLC, states as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiffs Larry Donald Schulte and Mary Schulte were adult residents of the State of Virginia at the time of the incident giving rise to this Complaint, and at all time relevant hereto.

2.    Javier Vina is an adult resident citizen of Grand Rapids, Michigan. He may be served with process at his home address which is 6140 Woodfield Drive SE Apt 6., Grand Rapids, MI 49648.

3.    FE Express LLC, is a limited liability company, incorporated in the State of Michigan. It may be served with process by serving its registered agent Fuad Ferhatovic at 4224 del Mar DR SW, Wyoming, Michigan 49418. FE Express LLC is an active motor freight carrier, doing business in multiple states, including the State of Arkansas.

# FILED

NOV 0 8 2016

TIME _____ M
BETTE S GREEN CLERK
ST FRANCIS COUNTY

4.     The events giving rise to this Complaint occurred in St. Francis County, Arkansas on I-40 on November 13, 2013.  Jurisdiction and venue are proper in this Court.

## FACTS

5.     The Plaintiffs were traveling west on I-40 the morning of November 13 at approximately 11:26 a.m. Plaintiff Larry Schulte was driving a Chevrolet Tahoe, and Mary Schulte was a passenger.

6.     Defendant Vina was driving a 2010 International Tractor with trailer weighing in excess of 10,000 lbs.  The tractor trailer was owned by Defendant FE Express LLC. It is believed that Javier Vina was operating the tractor trailer within the scope of his employment, or agency, as a commercial driver for Defendant FE Express LLC.

7.     Defendant Vina was driving the tractor trailer westbound on I-40 and approached Schulte's vehicle from behind.  Defendant Vina failed to slow down or avoid the Plaintiffs, and crashed into the rear right of Plaintiff Schultz's vehicle. The force of the collision caused the Plaintiffs' vehicle to strike a separate automobile located in front of the Plaintiffs.  The Plaintiffs received injuries as a result of the collision and as described below.

8.     Defendant Vina drove his tractor trailer in a dangerous, negligent manner in light of the circumstances existing prior to and at the time of the collision.

2

## CAUSES OF ACTION

9.     The Defendant, Javier Vina, was guilty of the following acts of common law negligence, each one of which was a direct and proximate cause of the injuries received by the Plaintiffs:

(a)    Driving too fast for the conditions and facts existing on the day, at the time and location of the accident;

(b)    Failed to maintain a proper lookout;

(c)    Failed to maintain proper control of his vehicle;

(d)    Failed to proceed cautiously when the risk of proceeding under the conditions was known;

(e)    Failing to act as a reasonable and prudent person under the circumstances existing; and

(f)    Following too closely and failing to honor a vehicle having the right of way

10.    Defendant, Javier Vina, is guilty of violating the following statutes of the state of Arkansas which were in full force and effect at the time of the accident, each one of which was passed to protect a class of persons including the Plaintiffs, said violations constituting negligence per se:

(a)    Arkansas Code § 27-51-104  Careless and prohibited driving;

(b)    Arkansas Code § 27-51-201  Limitations generally;

(c)    Arkansas Code § 27-50-308(a).  Reckless driving;

(d)    Arkansas Code § 27-51-305 Following too closely;

(e)    Arkansas Code § 27-51-306  Overtaking vehicle; and

(f)    Arkansas Code § 27-51-403 Signaling.

11.    Each one of the acts committed by Javier Vina of negligence *per se* was the proximate cause and cause in fact of the injuries and damages sustained by the Plaintiffs.

12.    Each one of the above acts of common law negligence was the cause in fact and proximate cause of the injuries and damages suffered by the Plaintiffs.

3

13.    At all times relevant to the actions complained of in this Complaint, Javier Vina was operating on behalf of FE Express LLC and was acting within the course and scope of his employment or agency.   All acts of negligence attributable to Javier Vina shall be attributable to Defendant FE Express LLC.

## DAMAGES

14.    The vehicle containing the Plaintiffs was forced into another vehicle due to the force of the collision.   Plaintiff Larry Schulte's suffered physical injuries, including injury to his back, neck and head. As a direct and proximate result of each act of negligence and violation of Arkansas statute complained of above, Larry Schulte suffered damages as set forth below:

A.    Plaintiff Larry Schulte has suffered the following injuries and damages:

(a)    Physical pain and suffering, both past, present and future;
(b)    Emotional pain and suffering, both past, present and future;
(c)    Loss of the enjoyment of life;
(d)    Extensive medical expenses, both past and future;
(e)    Lost earnings and lost earning capacity; and
(f)    All other damages available to him under the law.

Plaintiff Mary Schulte's suffered physical injuries, including injury to her back and neck. As a direct and proximate result of each act of negligence and violation of Arkansas statute complained of above, Mary Schulte suffered damages as set forth below:

A.    Plaintiff Mary Schulte has suffered the following injuries and damages:

(a)    Physical pain and suffering, both past, present and future;
(b)    Emotional pain and suffering, both past, present and future;
(c)    Extensive medical expenses, both past and future;
(d)    Lost earnings and lost earning capacity; and
(e)    All other damages available to him under the law.

4

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray:

1.      For process to issue, requiring these Defendants to answer;

2.      For a jury to be impaneled to try the disputed issues of fact;

3.      For a judgment for compensatory damages to compensate them for their injuries and damages in an amount to be determined by the jury in excess of that required for diversity jurisdiction in Federal Court; and

4.      For any further and general relief to which the Plaintiff may be entitled.

PLAINTIFF DEMANDS A JURY TO TRY THE DISPUTED ISSUES OF FACT.


Respectfully submitted,

EASLEY & HOUSEAL, PLLC


John Houseal, III (AR 03207)
Post Office Box 1115
Forrest City, Arkansas 72335
P: (870) 633-1447
F: (870) 633-1687
E-Mail: john@chtriallawyers.com